WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fling Enterprise Prevost LLC, | No. CV-24-01289-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Premium Coach Group LLC, et al., | |
| Defendant. | |

Plaintiff Fling Enterprise Prevost, LLC moves pursuant to Federal Rule of Civil Procedure 55(b) for default judgment against Defendant Premium Coach Group, LLC ("PCG") based on allegations in its Second Amended Complaint ("SAC") (Doc. 17). (Doc. 24.) For the reasons stated below, default judgment is granted.

**I.    Background**

Plaintiff is a Montana limited liability company. (Doc. 24 at 6.) Plaintiff owned a Prevost Marathon XLII recreational vehicle ("RV"), which it intended to sell. (Doc. 17 at 2.) Plaintiff reached out to PCG through Chad Stevens, a member of PCG, hoping they would facilitate the transaction as a broker.[1] (*Id.*) Around November 4, 2023, Plaintiff and PCG entered a "Dealer Consignment Agreement," and shortly after, Stevens found a third party willing to buy the RV for $285,000. Plaintiff accepted the offer. (*Id.* at 2–3.) PCG received proceeds from the transaction into its account for remittance to Plaintiff. (*Id.*)

---

[1] Plaintiff's SAC named Stevens and his spouse as defendants, but they were terminated from the case after filing for bankruptcy. (Docs. 17, 18, 19, 26.)

However, before Plaintiff received the sale proceeds, creditors of PCG seized them from PCG's account (*Id.*) PCG did not inform Plaintiff, during or prior to the transaction, of its financial situation or the existence of its "creditors who had liens on [its] bank accounts or who could otherwise garnish or attach [its] bank accounts." (*Id.*)

Plaintiff filed this action to recover the proceeds from the RV sale. The SAC alleges claims for breach of contract claim, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and fraud. (Doc. 17.) The Clerk of the Court entered default against PCG after it failed to appear. (Doc. 22.) This default judgment motion followed. (Doc. 24.)

## II.   Default Judgment Standard

After default is entered by the clerk, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

## III.   Discussion

### a. The Possibility of Prejudice to Plaintiff

Plaintiff alleges it is owed $285,000. PCG has failed to respond or otherwise appear in this action. Plaintiff "will likely be without other recourse for recovery" if default

judgment is not entered. *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The first *Eitel* factor favors default judgment.

### b. Merits of the Claim & Sufficiency of the Complaint

Although the SAC alleges four separate counts, Plaintiff's default judgment motion addresses the merits of only the breach of contract claim. (*See* Doc. 24 at 4 ("This is a straightforward breach of contract action")). Accordingly, the Court will limit its analysis and this order to the sole claim addressed in the motion. Under Arizona law, a breach of contract claim requires a plaintiff to establish "a contract, a breach of contract, and damages." *Burrell v. Berntsen*, No. CV-21-00011-PHX-ESW, 2021 WL 8086347, at *2 (D. Ariz. July 2, 2021). Plaintiff adequately alleges the existence of a contract (the Dealer Assignment Agreement), and that PCG breached by "fail[ing] to provide Plaintiff the monies owed . . . for the sale of the RV," resulting in damages. (Doc. 17 at 3–4.) What's more, fact disputes are unlikely because PCG has failed to appear to contest the allegations against it, and because Stevens, in his bankruptcy proceedings, confirmed the amount owed to Plaintiff in a schedule of unsecured claims and during an examination under oath. (Docs. 24-1 at 32; 24-3 at 3.) The second, third, and fifth *Eitel* factors therefore favor entry of default judgment.

### c. The Amount of Money at Stake

The fourth *Eitel* factor considers the amount of money at stake and the seriousness of a defendant's conduct. *CrossFit, Inc. v. del Cueto*, No. CV-14-00297-PHX-DLR, 2018 WL 740993, at *2 (D. Ariz. Feb. 6, 2018). This factor favors default judgment where a plaintiff can tailor its damages to the "specific misconduct of the defendant." *AGCS Marine Ins. Co., v. Greenway Transp. Co.*, No. 20-cv-06724-LB, 2021 WL 4440314, at *4 (N.D. Cal. Feb. 25, 2021). Such is the case here. Plaintiff seeks $285,000 based on the value of RV, $405 for the filing fee, and $129 for costs to conduct personal service. (Doc. 24 at 5.) Plaintiff substantiates these sums with testimony and documents from Stevens' bankruptcy case regarding the RV sale proceeds (Docs. 24-1 at 32; 24-3 at 3), along with documentation of the costs incurred by filing and serving the complaint (Docs. 17, 24-2).

#### d. Excusable Neglect

Plaintiff served PCG with a copy of the SAC (Doc. 21-1 at 2), the application to the Clerk for entry of default (Doc. 21-1 at 4), and its motion for default judgment (Doc. 24 at 6). Additionally, Stevens, a member of PCG, indicated he was fully aware of the debt owed to PCG and the existence of creditors. (Docs. 24-1 at 32; 24-3 at 3.) It therefore is "unlikely that [PCG's] failure to answer and resulting default was a result of excusable neglect." *CrossFit*, 2018 WL 740993 at *3. This factor favors default judgment.

#### e. The Policy Favoring Decisions on the Merits

The seventh *Eitel* factor inherently favors resolution "upon their merits whenever reasonably possible." *Eitel*, 782 F.3d at 1472. However, the existence of Rule 55(b) indicates that "this preference, standing alone, is not dispositive." *Kloepping v. Fireman's Fund*, No. C 94-2684 THE, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996). Because PCG's default makes resolution on the merits impossible, this factor does not weigh against entry of default judgment.

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 24) is **GRANTED** with respect to Count I (breach of contract) only. The Clerk is directed to enter default judgment in favor of Plaintiff on Count I of the SAC in the amount of $285,000, plus $534 in costs, and to terminate this case.

Dated this 24th day of April, 2025.

Douglas L. Rayes
Senior United States District Judge